ROBERT PFLEGER AND MADELINE PFLEGER, PLAIN-
TIFFS, v. DEPARTMENT OF TRANSPORTATION FOR-
MERLY THE STATE HIGHWAY DEPARTMENT, STATE
OF NEW JERSEY, MANZO CONTRACTING CO., A COR-
PORATION OF NEW JERSEY, PETER JANNERONE,
RESIDENT ENGINEER, JOSEPH W. ERTLE, DISTRICT
ENGINEER, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided December 28, 1967.

*Mr. Thomas T. Warshaw* for plaintiffs (*Messrs. Drazin, Warshaw, Auerbach & Rudnick,* attorneys).

*Mr. Vincent J. Jennings* for defendants (*Mr. Arthur J. Sills,* Attorney General of the State of New Jersey).

LANE, J. S. C. This matter is before the court on plaintiffs' motion to transfer the action to the Law Division. The complaint sought an injunction against defendants to prevent them from proceeding with contemplated construction on State Highway 35. It was alleged that the State Highway Department had obtained from plaintiffs a deed for a three-foot strip running along State Highway 35 upon representations that the elevation of the highway would not be changed. When work was commenced by Manzo Contracting Co. under contract with the Department of Transportation, it became apparent that not only would the highway be widened but the elevation in front of plaintiffs' premises was to be raised approximately three feet. The complaint charged that if defendants were permitted to proceed with such construction, a serious flooding condition would be caused, access to the plaintiffs' premises would be seriously curtailed and an existing parking area located in front of plaintiffs' build-

ings would be eliminated. An application for a preliminary injunction was denied. Thereafter, by leave of court, plaintiffs amended the complaint to add a prayer for relief in lieu of prerogative writs to compel the Department of Transportation to institute condemnation proceedings "in order to determine the fair and reasonable value of the lands unlawfully taken * * *."

Defendants join in plaintiffs' request for a transfer of the action to the Law Division.

It is admitted by plaintiffs that the Department of Transportation has the right to take the lands in question upon payment of compensation. *State v. Maas & Waldstein Co.,* 83 *N. J. Super.* 211 *(App. Div.* 1964). By their amended complaint plaintiffs are complaining of the failure of the Department to condemn and seek to compel the Department to institute proceedings to condemn the lands taken in excess of those conveyed by the deed. Therefore, upon the filing of the amended complaint, it became clear that the Chancery Division did not have jurisdiction to hear and determine the action, the relief sought being historically obtainable by prerogative writ. *Brown v. Murphy,* 136 *N. J. L.* 183 *(E. & A.* 1947); *Gould v. State Highway Com'r.,* 112 *N. J. Eq.* 389 *(Ch.* 1933). Here plaintiffs do not have alternative remedies such as were available to plaintiffs in *Bailey v. Driscoll,* 34 *N. J. Super.* 228, 243–246 *(App. Div.* 1955), affirmed as to procedural determinations, reversed on substantive issues 19 *N. J.* 363 (1955). It is clear that the relief sought by plaintiffs is only obtainable by a proceeding in lieu of prerogative writs under *R. R.* 4:88. The question is whether this court should transfer the action under *R. R.* 1:27D to the Law Division to be proceeded with under *R. R.* 4:88–2, or to the Appellate Division to be proceeded with under *R. R.* 4:88–8.

The defendants argue that because the Department of Transportation does not adjudicate or make rules insofar as condemnation is concerned, it is not a "state administrative agency" for the purpose of *R. R.* 4:88–8.

*R. R.* 4:88–8 applies to all state administrative agencies. It is not limited by its terms to those agencies which adjudicate or make rules. The Department of Transportation was established "in the executive branch of the state government" as a principal department. *N. J. S.* 27: 1A–1. It succeeded to all the functions, powers and duties of the State Highway Department and of various other agencies. *N. J. S.* 27:1A–3. The Department of Transportation is a state administrative agency.

In *Central R. R. Co. v. Neeld,* 26 *N. J.* 172 (1958), *certiorari* denied 357 *U. S.* 928, 78 *S. Ct.* 1373, 2 *L. Ed. 2d* 1371 (1958), Justice Jacobs stated for the court:

"In 1948 this court adopted its implementing rules which sought to avoid the problems of the prerogative writ practice and to provide simple and expeditious modes of judicial review from administrative action and inaction. The rules perpetuated none of the former procedural distinctions resting on the nature of the relief sought and their wholesome design was clear; they contemplated that every proceeding to review the action or inaction of a *local* administrative agency would be by complaint in the Law Division (*R. R.* 4:88–2; see *Baldwin Constr. Co. v. Essex Co. Bd. of Taxation,* 27 *N. J. Super.* 240, 242 (*App. Div.* 1953)) and that every proceeding to review the action or inaction of a *state* administrative agency would be by appeal to the Appellate Division. \* \* \*" (at *pp.* 184–185)

In *DeNike v. Board of Trustees, etc., Retirement System,* 62 *N. J. Super.* 280 (*App. Div.* 1960), affirmed 34 *N. J.* 430 (1961), the Appellate Division held that the distinction between the jurisdiction of the Law Division and of the Appellate Division in proceedings in lieu of prerogative writ was as follows:

"Under our present practice, the Law Division and the Appellate Division each has jurisdiction over all such cases, no matter by what writs they would have been prosecuted at common law, the only difference being that if the defendant is a state agency, plaintiff should proceed in the Appellate Division, by appeal under *R. R.* 4:88–8 or for declaratory judgment under *R. R.* 4:88–10, while against all other agencies he must sue in the Law Division. In other words, regardless of the essential sameness of the claim, it is only the identity of the defendant that determines whether one division or the other has jurisdiction." (at *p.* 291)

Plaintiffs are complaining of the failure of the Department of Transportation to act. A failure to act is equivalent to "action" as that term is used in *R. R.* 4:88–8. In *Mathews v. Finley,* 46 *N. J. Super.* 175 (*App. Div.* 1957), certification denied *Mathews v. Neeld,* 25 *N. J.* 283 (1957), the court stated:

> "It should be observed, in passing (though it is not a matter of any consequence now, *R. R.* 1:27D(*b*)), that the Law Division had no authority in the premises. To review the action or, plaintiff claims, inaction of the state officials or agencies involved, he should have taken an appeal therefrom directly to the Appellate Division under *R. R.* 4:88–8. The term 'action,' found in the rule, includes inaction. Over such matters the Appellate Division has exclusive cognizance." (at *p.* 177)

In *Central R. R. Co. v. Neeld, supra,* Justice Jacobs also included "inaction" within the meaning of "action" in referring to the rule.

There is some appeal to the argument that the proper court to determine the matter is the Law Division because of the necessity of adducing evidence and of making findings of fact. However, *R. R.* 4:88–8 admits of no such exception. Appeals from the action or inaction of all state administrative agencies, except as noted below, must be to the Appellate Division. The Chancery Division cannot formulate and apply a special rule for proceedings relating to condemnation. It does not appear that the jurisdictional issue was raised in either *O'Neill v. State Hwy. Dept.,* 50 *N. J.* 307 (1967), or *Mueller v. New Jersey Highway Authority,* 59 *N. J. Super.* 583 (*App. Div.* 1960). *R. R.* 4:88–9 specifically makes provision for the production of additional evidence in actions before the Appellate Division. In *McKenna v. New Jersey Highway Authority,* 19 *N. J.* 270 (1955), plaintiff sought to test the validity of tolls levied by the New Jersey Highway Authority. The Supreme Court remanded the matter to the Superior Court, Appellate Division, "with direction to order a full record of evidence to

be made before the New Jersey Highway Authority, together with findings of fact thereon by the New Jersey Highway Authority." (*Id.*, at *p.* 283). See also *In re Masiello*, 25 *N. J.* 590 (1958).

There appears to be only one exception to the all-inclusive language of *R. R.* 4:88–8. That is in the case of a state administrative body with authority confined to a single locality. In *Baldwin Constr. Co. v. Essex County Board of Taxation*, 27 *N. J. Super.* 240 (*App. Div.* 1953), reargument 28 *N. J. Super.* 110 (*App. Div.* 1953), affirmed 16 *N. J.* 329 (1954), plaintiffs commenced an action in lieu of prerogative writs in the Law Division to review the action of the county board of taxation in revising assessments. Defendant moved for summary judgment on the ground, among others, that the appropriate judicial remedy was an appeal direct from the county board of taxation to the Appellate Division. In affirming a denial of the motion for summary judgment, the Appellate Division said:

"The function of reviewing the actions of governmental bodies is divided between the two branches of the Superior Court in such wise that the Law Division reviews the actions of local boards and officers, while the Appellate Division reviews the actions of state administrative agencies. The appellant argues that a county board of taxation is a state agency and hence the plaintiffs ought to have proceeded by appeal to the Appellate Division. Undoubtedly the county board of taxation is an agency of the State. *Warren v. Hudson County*, 135 *N. J. L.* 178 (*E. & A.* 1947). So is a local board of health. *State v. Mundet Cork Corp.*, 126 *N. J. Eq.* 100 (*Ch.* 1939), affirmed 127 *N. J. Eq.* 61 (*E. & A.* 1940). And a local board of education. *Estelle v. Board of Education*, 26 *N. J. Super.* 9 (*App. Div.* 1953). Yet we are satisfied that the present case was rightly brought in the Law Division. In the allocation of business between the Law Division and the Appellate Division, proceedings relating to an administrative body with authority confined to a single locality, in this case a county, should be brought in the Law Division even though the defendant may be classified for most purposes as an agency of the State." (27 *N. J. Super.* 240, at *p.* 242)

But see *Jersey City v. Tiene*, 29 *N. J. Super.* 172, 177 (*App. Div.* 1953), affirmed 13 *N. J.* 478 (1953).

██ Because plaintiffs are seeking to review the refusal of the Department of Transportation, a state administrative agency, to condemn in accordance with *N. J. S.* 20:1–1 *et seq.* land which it is alleged has been taken, they must proceed in the Appellate Division under *R. R.* 4:88–8. The action will be transferred to that Division.