104 N.J. Super. 289 (1968)
250 A.2d 16
ROBERT PFLEGER AND MADELINE PFLEGER, PLAINTIFFS,
v.
THE STATE HIGHWAY DEPARTMENT STATE OF NEW JERSEY, MANZO CONTRACTING CO., A CORPORATION OF NEW JERSEY, PETER JANNERONE, RESIDENT ENGINEER, DEPARTMENT OF TRANSPORTATION STATE OF NEW JERSEY, JOSEPH W. ERTLE, DISTRICT ENGINEER, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted August 13, 1968.
Decided August 14, 1968.
*290 Before Judges GAULKIN, FOLEY and KILKENNY.
Messrs. Drazin, Warshaw, Auerbach & Rudnick (Mr. Thomas T. Warshaw, of counsel), filed a brief on behalf of plaintiffs.
Mr. Arthur J. Sills, Attorney General, by Mr. Philip S. Carchman, Deputy Attorney General, filed a brief on behalf of State Highway Department.
The opinion of the court was delivered by GAULKIN, S.J.A.D.
In an action brought in the Superior Court, Chancery Division, plaintiffs sought to enjoin defendants from proceeding with contemplated construction on State Highway 35. Plaintiffs alleged that the State Highway Department had obtained from them a deed for a three-foot strip along the highway upon representations that the elevation of the highway would remain unchanged but that, after the work commenced, it became apparent that the elevation adjacent to plaintiffs' premises would be increased by some three feet. Plaintiffs alleged that this increase would cause serious flooding of their property and would interfere with access thereto.
Following the Chancery Division's denial of their application for a preliminary injunction, plaintiffs amended their complaint, by leave of court, to add a prayer for relief in lieu of prerogative writs to compel the Department of Transportation to institute condemnation proceedings to establish the value of the lands allegedly taken. Plaintiffs then made a motion, in which defendants joined, that the action be transferred to the Law Division. Instead, acting under R.R. 1:27D, the court transferred the matter here. Pfleger v. Dept. of Transp., 98 N.J. Super. 386 (Ch. Div. 1967). Plaintiffs and defendants have both moved to remand to the Law Division.
The sole question presented is whether plaintiffs' action for relief in lieu of prerogative writs, to compel the Department *291 of Transportation to institute proceedings to condemn plaintiffs' land, should have been brought in the Law Division, under R.R. 4:88-2 or the Appellate Division, under R.R. 4:88-8. We believe the Law Division is the proper forum.
As the Chancery Division recognized, it is clear that the relief sought is obtainable only by proceeding in lieu of prerogative writs under R.R. 4:88. By their terms, R.R. 4:88-2 and R.R. 4:88-8 effect a division of jurisdiction over the hearing of proceedings in lieu of prerogative writs on the basis of the identity of the defendant. Review of the action or inaction of a state administrative agency is to be had in the Appellate Division; review of local administrative agencies in the Law Division. Central R.R. Co. v. Neeld, 26 N.J. 172, 184-185 (1958), certiorari denied 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1371 (1958); DeNike v. Board of Trustees, etc., Retirement System, 62 N.J. Super. 280, 291 (App. Div. 1960). affirmed 34 N.J. 430 (1961).
However, this line of division is not absolute. For example, where the authority of a state agency is confined to a single locality, review of its actions is had in the Law Division. Baldwin Construction Co. v. Essex County Board of Taxation, 27 N.J. Super. 240 (App. Div. 1953), reargument 28 N.J. Super. 110 (App. Div. 1953), affirmed 16 N.J. 329 (1954).
A close reading of R.R. 4:88-8 reveals that the Supreme Court did not intend that reviews of actions (or, more accurately, inactions), such as the one presented to us now, were to be had in this court. Condemnation of plaintiffs' lands cannot be other than by an action in the Superior Court, Law Division. N.J.S.A. 20:1-1 et seq.; N.J.S.A. 27: 7-22. There is no administrative machinery within the Department of Transportation for itself condemning land, for hearing the arguments for and against seeking condemnation in court, or for deciding whether or not a "taking" has been effected by the Department's actions. N.J.S.A. *292 27:1A-1 et seq. Nor is there a procedure in such cases by which a record may be made before the Department, upon which this court can review its decision.
Yet, the language of R.R. 4:88-8 plainly contemplates that some such hearing take place and a record adduced prior to review by this court. Thus, after directing that appeal here shall be instituted by filing a notice of appeal, R.R. 4:88-8 goes on to require that within 30 days after the service of such notice, "the agency shall file with the Appellate Division the original or a certified copy of the record of the proceedings under review * * *" (emphasis added). "Where a stenographic report of the testimony in the cause has been taken before the agency," a transcript thereof is to be furnished us and "made part of the record filed by the agency hereunder." The rule also provides for condensation of the record or submission of an "agreed state of facts," upon our order or consent of the parties. "Thereafter the appeal shall proceed in the same manner as appeals from the trial division to the Appellate Division."
As the Supreme Court has indicated, "a motivating factor in the adoption of R.R. 4:88-8 and 9 was the obvious desirability, as a matter of practical and convenient administration, of having a hearing in the agency in the first instance which would meet the demands of due process. In this way the functions of the agency and the court may be exercised under conditions which give the broadest possible sweep to the jurisdiction of each." In re Masiello, 25 N.J. 590, 603 (1958). The fullest use is not made of this court's power to review where, as here, no proceedings whatever are undertaken before the agency.
While R.R. 4:88-9 makes provision for presenting "additional evidence," this is to be done only after the filing of the record referred to in R.R. 4:88-8 and a showing "that there were good reasons for failure to present it in the proceedings before the agency * * *." The additional evidence is to be taken before the agency, or, "in exceptional instances, before a judge of a trial division * * *." In short, R.R. *293 4:88-9 deals with evidence which may be presented before the agency. Since, as has been noted, there is no provision, by statute or otherwise, for the taking of evidence before the Department of Transportation in a condemnation matter, and therefore no record has or can be there compiled, R.R. 4:88-9 does not apply. See McKenna v. N.J. Highway Authority, 19 N.J. 270, 278 (1955), comparing R.R. 4:88-8 & 4:88-10 with R.R. 4:88-9 & 11.
In McKenna the Court was faced with an appeal from a rule of the Highway Authority, erroneously prosecuted under R.R. 4:88-8 instead of R.R. 4:88-10. Said the Court,
"* * * R.R. 4:88-8 was generally `designed to deal with so-called quasi-judicial decisions or actions adjudicating the rights of particular individuals,' whereas R.R. 4:88-10 `was designed to deal with so-called quasi-legislative rules governing future conduct generally'."
McKenna v. N.J. Highway Authority, supra, at 276, quoting Carls v. Civil Service Commission, 17 N.J. 215, 219-220 (1955). The inaction complained of here falls within neither of these categories.
Moreover, we know of no instance in which an action such as the instant one has been instituted in this court. On several occasions, suits to compel condemnation have been brought in the Law Division with no jurisdictional objection raised. In O'Neill v. State Hwy. Dept., 50 N.J. 307 (1967), the Supreme Court remanded a matter to the Law Division for retrial and indicated that the issues to be considered on remand could be added to an existing demand that the Highway Department condemn certain lands allegedly taken by it. Id., at 316. See also Mueller v. N.J. Highway Authority, 59 N.J. Super. 583 (App. Div. 1960).
The motion to remand to the Law Division is granted. The decision reported in 98 N.J. Super. 386, supra, is overruled. No costs.