125 N.J. Super. 446 (1973)
311 A.2d 393
LEONARDO COLON, ET AL., PLAINTIFFS,
v.
MORRIS TEDESCO, ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided October 30, 1973.
*447 Mr. David J. Lillesand for plaintiffs Leonardo Colon and Camden Regional Legal Services, Inc.  Farm Worker Division.
Mr. Michael S. Bokar, Deputy Attorney General, for defendants (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
HORN, A.J.S.C.
In this action in lieu of prerogative writs certain defendants move to dismiss the complaint for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment.
The complaint alleges that plaintiff Leonardo Colon is a migrant Puerto Rican farm worker who, in conjunction with *448 Camden Regional Legal Services, Inc.  Farm Worker Division, a New Jersey nonprofit corporation, individually and on behalf of all others similarly situated, brings this action against various parties, the owner-lessor of a labor camp and others, including the Department of Labor and Industry, State of New Jersey; Ronald M. Heymann, individually and as Commissioner of that Department; Herbert Heilmann, individually and as Assistant Commissioner of Labor Relations and Work Place Standards, and, as such, Director of the Division of Labor; Gabriel Coll, individually and as Chief, Bureau of Migrant Labor in the Division of Labor; Leon Rennebaum, individually and as Supervisor, Bureau of Migrant Labor; Howard Winrow, individually and as Senior Inspector, Bureau of Migrant Labor, and John Krokos, individually and as Inspector, Bureau of Migrant Labor, for the purpose of obtaining an injunction and declaratory judgment. The foregoing named Department of Labor and Industry and the officers thereof are the moving parties herein and are referred to as defendants.
Insofar as this motion is concerned the complaint charges certain individuals in control of a migrant labor camp with permitting unsanitary conditions in their operation so that it constitutes a public nuisance. It charges defendants with a failure to act pursuant to law, to cause the conditions to be corrected or the camp disqualified and enjoined from operation.
The primary relief sought against the moving defendants is a judgment ordering them to initiate proceedings against the owning and operating individuals, pursuant to N.J.S.A. 34:9A-32, New Jersey Regulation 12:100-1(1), and N.J.S.A. 34:9A-21, to declare the camp to be a public nuisance, and for other relief under the applicable statute.
The Attorney General, in behalf of defendants, contends that they are entitled to summary relief from this action for three reasons:
*449 First, this court lacks jurisdiction to order state officials to institute enforcement proceedings because, under the New Jersey Rules of Civil Procedure, only the Appellate Division has jurisdiction to review the action or inaction of state administrative agencies or officers.
Second, there is nothing in the present case to justify invocation of the extraordinary power of the courts to compel the exercise of discretionary authority by public officials.
Third, plaintiffs lack standing to seek the relief sought to prohibit the continued operation of the camp as a public nuisance.
I will deal with these points successively.

I  The Superior Court, Appellate Division, has exclusive jurisdiction to review the action or inaction of state administrative agencies or officers.
The State relies upon R. 2:2-3(a)(2), which provides that appeals may be taken to the Appellate Division as of right to review final decisions or actions of any state administrative agency or officer thereof, or to review the validity of any rule promulgated by any such agency or officer, with one exception, not involved here.
R. 4:69-1 provides that review, hearing, and relief heretofore available by prerogative writs and not available under R. 2:2-3 shall be afforded by a civil action in the Law Division of the Superior Court.
Notwithstanding the language of R. 2:2-3(a)(2), which makes but one express exception (not applicable here), the courts have engrafted two exceptions, or have construed this rule in two cases to exclude from its applicability review of certain actions (or inactions) of state administrative agencies.
The first one is referred to in Baldwin Construction Co. v. Essex Cty. Bd. of Taxation, 27 N.J. Super. 240 (App. Div. 1953), rearg. den. 28 N.J. Super. 110 (App. Div. 1953), aff'd 16 N.J. 329 (1954). There it was decided that
*450 In the allocation of business between the Law Division and the Appellate Division, proceedings relating to an administrative body with authority confined to a single locality, in this case a county, should be brought in the Law Division even though the defendant may be classified for most purposes as an agency of the state. [at 242]
In Pfleger v. Dept. of Transportation, 98 N.J. Super. 386 (Ch. Div. 1967), Judge Lane had before him a motion to transfer an action to the Law Division. The complaint sought an injunction against defendants, consisting of the Department of Transportation of the State of New Jersey and others, to prevent them from proceeding with contemplated construction on a state highway. By leave of court the complaint was amended to add a prayer for relief in lieu of prerogative writs, to compel the Department of Transportation to institute condemnation proceedings under the Condemnation Act. Defendants joined in plaintiffs' request for a transfer of the action to the Law Division.
Judge Lane reviewed the applicable cases decided up to that time and came to the conclusion that because plaintiffs were seeking to review the refusal of a state administrative agency to condemn lands, they were required to proceed in the Appellate Division under the corresponding rule applicable at the time, R.R. 4:88-8.
He cited in his opinion Central R.R. Co. v. Neeld, 26 N.J. 172 (1958), cert. den. 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1371 (1958), in which Justice Jacobs stated concerning this rule: "[T]hey contemplated that every proceeding to review the action or inaction of a * * * state administrative agency would be by appeal to the Appellate Division." (at 184-185).
Judge Lane's decision was overruled by the Appellate Division in Pfleger v. N.J. State Highway Dept., 104 N.J. Super. 289 (1968), the court holding that the Law Division was the proper forum under the existing R.R. 4:88-8. This holding constitutes a second exception and includes the factual situation in the case at bar.
*451 Judge Gaulkin, for the Appellate Division, observed that a close reading of R.R. 4:88-8 revealed that the Supreme Court did not intend that reviews of actions or inactions "such as the one presented to us now" were to be had in the Appellate Division. He also stated that condemnation of plaintiffs' lands cannot be other than by an action in the Superior Court, Law Division, because there is no administrative machinery within the Department of Transportation for its condemning land, for hearing the arguments for and against seeking condemnation in court, or for deciding whether a "taking" has been effected by the Department's actions. Further, he said that there was no procedure by which a record may be made before the Department upon which the appellate court could review the Department's decision.
In Princeton First Aid v. Div. on Civil Rights, 124 N.J. Super. 150 (App. Div. 1973), plaintiffs filed a complaint in lieu of prerogative writs in the Law Division, alleging that they were not "subject to the law against discrimination" and that the Division on Civil Rights lacked jurisdiction over them to determine whether plaintiffs had violated the civil rights of one who had complained to the Division. The Division was granted leave to appeal from an order entered by the trial court granting the relief prayed for by plaintiffs.
The Appellate Division reversed, holding that it was not authorized to assume jurisdiction in the case under Pfleger v. N.J. State Highway Dept., supra. It distinguished Pfleger as follows:
* * * That case was an action in the nature of mandamus to compel the Department of Transportation to perform its ministerial duty to institute condemnation proceedings to determine the value of lands allegedly taken and damaged in the course of construction of a road. Enforcement of such a ministerial duty is within the jurisdiction of the Law Division.
Here, however, we are concerned not with a ministerial duty of a state agency but with the quasi-judicial duties of such an agency, the Division on Civil Rights, vested with jurisdiction to consider, hear and determine complaints alleging violations of the laws against discrimination.
*452 In the case before me the agency is not so vested with jurisdiction to consider, hear, and determine complaints. It may investigate and request the Attorney General to take appropriate action. The essence of the instant complaint is the failure of the agency or its officers to perform the allegedly mandatory, statutory function.
It is reasonable to assume that R. 2:2-3(a)(2) was promulgated, among other reasons, for the purpose of providing a speedy review of a proceeding conducted within the state administrative agency itself and involving parties who are given an opportunity to be heard. In such cases a record is made on the basis of which the Appellate Court's review will result in a definitive determination.
In such cases the record may from time to time require supplementation. This is contemplated as a possibility. R. 2:5-5(b). But what is not contemplated is that a full plenary proceeding among adversaries be held before the Appellate Division. This can best be had in the Law Division. It is also noted that "in exceptional instances," pending a review by the Appellate Division, a judge of the Superior or County Court may be especially designated for the purpose of taking additional evidence and the making of findings of fact. R. 2:5-5(b).
In the case at bar there has been no adversary type of proceeding in the Department of Labor and Industry. There is no provision for same. This is not a quasi-judicial matter before said Department. No intramural record of any kind has been made. The Appellate Division cannot obtain a record to review, absent a plenary hearing before a judge. Plaintiffs seek the performance of ministerial duties.
Accordingly, I conclude that this court does have jurisdiction of this action.

II  Right of this court to compel state agency and officials to take action against owners and operators of the migrant labor camp.
The Seasonal Farm Labor Act is one of several state statutes designed to aid and protect seasonal and migrant farm *453 workers. N.J.S.A. 34:9A-1 et seq.; N.J.S.A. 34:8A-1 et seq.; N.J.S.A. 34:9A-37 et seq. The act establishes a Bureau of Migrant Labor in the Department of Labor and Industry and vests the Bureau with responsibility for enforcing the provisions of the act, either directly or through interdepartmental agreements, and enforcing all other labor laws insofar as pertinent to migrant labor camps. N.J.S.A. 34:9A-9(a) and (b).
N.J.S.A. 34:9A-9 directs the Bureau of Migrant Labor, as established in the Department of Labor and Industry, to enforce the provisions of the statute, among its other duties.
The act also mandates the Department of Labor and Industry to revoke a certificate of compliance whenever it is found that a camp for which a certificate has been issued no longer complies with the requirements of the act. N.J.S.A. 34:9A-21. It further directs that any camp which does not conform to the requirements detailed in the statute shall be deemed a public nuisance and, if not made to conform within a designated interval, "shall be abated by proper suit brought by the Attorney-General upon the request of the [Department of Labor and Industry.]" N.J.S.A. 34:9A-32.
Defendants maintain that plaintiffs are asking this court to compel officials of a coequal branch of State Government to perform a discretionary act and, beyond that, to perform it in a specified manner. They urge that under these circumstances a court will not interfere with the discretionary power of public agencies unless there has been a plain and palpable abuse of discretion; that a mere difference of opinion is not sufficient to justify the substitution of the court's discretion for that of the duly constituted authority vested by the Legislature. Mayor, etc., Elizabeth v. N.J. Turnpike Authority, 7 N.J. Super. 540, 545-546 (Ch. Div. 1950); Newark v. N.J. Turnpike Authority, 12 N.J. Super. 523, 527-528 (Ch. Div. 1951), aff'd 7 N.J. 377 (1951).
*454 In Switz v. Middletown Tp., 23 N.J. 580, 588 (1957), the court said:
* * * Unless the particular duty he peremptory, the fair exercise of judgment and discretion is the province of the functioning authority. The right of the relator and the public duty sought to be enforced must be both clear and certain.
In Reid Development Corp. v. Parsippany-Troy Hills Tp., 10 N.J. 229, 237 (1952), it was held that "Where there is an omission to do what the law clearly and unmistakably directs as an absolute duty, mandamus is an appropriate remedy."
In In re Senior Appeals Examiners, 60 N.J. 356 (1972), the Civil Service Commission, having made a final determination that compensation allocated to the title of Senior Appeals Examiner, Department of Labor and Industry, be increased by one range, contended that the administrative determination was beyond any judicial review. The court rejected this argument on the ground that there is nothing in the statute showing any intention to deprive the court of a review "for arbitrariness and abuse under traditional judicial doctrines" (at 367).
A fair reading of In re Senior Appeals Examiners, supra, as well as Monks v. N.J. State Parole Board, 58 N.J. 238 (1971), sustains the view declared in Switz, supra, to the effect that although the court would not overturn discretionary determinations upon the part of public officials in the absence of clear abuse or arbitrariness, nevertheless it would guard its right to review such actions or inactions in order to compel such agencies or officials to exercise the discretion where required, rather than to frustrate those who at the least are entitled to the exercise of the discretion.
In the instant case the statute's language is mandatory, as already indicated. It may be that the defendants have performed in accordance with their obligations, but that has not been demonstrated. Plaintiffs are entitled to the aid of the court in ascertaining whether they have so *455 performed and, if they have, whether their determination was arbitrary and an abuse of their discretion. Plaintiffs should not be blocked at the threshold without an opportunity to establish their charges.
Without a hearing and the discovery to which plaintiffs may be entitled in advance of the hearing, there could be abuses which may never be discovered. Mandamus does not seek to interfere with or control the mode or manner of the exercise of discretion on the part of a state official or agency, or to influence or direct a particular result. It does lie to compel the exercise of such discretion.

III  Standing of plaintiffs.
The foundation of defendants' claim that plaintiffs have no standing to maintain this action rests on assertions that only the Attorney General may enforce the provisions of the act and that plaintiffs suffer no special injury.
This is untenable. Apart from the fact that plaintiff Colon is a migrant farm worker whose interests the statute was enacted to protect, our courts have taken a liberal view with respect to who may seek relief where there has been alleged failure on the part of public officials to perform.
Defendants submit that since the statute, N.J.S.A. 34: 9A-32, authorizes the Department of Labor and Industry to enforce the migrant labor laws and to request the Attorney General to take action, including "proper suit" to abate the public nuisance which such nonconforming camps are deemed to be, plaintiffs are without standing as parties seeking to enforce said laws.
If this be so, the failure of either the Attorney General or the Department to act responsibly would render the law a sterile declaration of public policy.
The mere fact that a nonconforming camp is deemed a public nuisance does not foreclose plaintiffs from taking this action. Such nuisances are abatable not alone by the Attorney General but also by any individual who sustains *456 "special damage over and above the public agency." Garrou v. Teaneck Tryon Co., 11 N.J. 294 (1953); Mayor, etc., Alpine Borough v. Brewster, 7 N.J. 42 (1951).
In Garrou the court sustained the right of a property owner to sue to enjoin private individuals from violating a zoning ordinance and for an order compelling defendant municipal officials to enforce such ordinance on a showing of special damages.
In United Stations of N.J. v. Kingsley, 99 N.J. Super. 574 (Ch. Div. 1968), aff'd Del Spina v. Getty Oil Co., 54 N.J. 150 (1969), plaintiffs sought to enforce the provisions of N.J.S.A. 56:6-2(f) making it unlawful for any retail dealer to employ certain methods constituting games of chance in connection with the sale of motor fuels. A challenge to plaintiffs' standing to sue arose from the absence in the statute of an explicit authorization for suits by private parties against the violators. The statute expressly authorized the State Tax Commissioner (now Director of the Division of Taxation) to enforce its provisions. Judge Mintz held that the silence of the statute with respect to one other than the Director to enforce the law did not justify a conclusion that the Legislature had a contrary intent. He further held that plaintiffs, competitors of defendants, had a private interest in and a right to enforce the law. He said, "If a nonparticipating retailer is not afforded injunctive relief, he is put to an unjustifiable choice as long as he cannot persuade the law-enforcing authorities to act promptly; he must either violate the law himself or see his business diverted" (at 583).
In the case at bar one of the plaintiffs is allegedly a migrant farm worker who asserts that he suffered from the failure to enforce the terms of the statute. He has been specially injured if he establishes the factual allegations of the complaint. Under the circumstances he has the requisite standing to maintain the action.
Accordingly, the motion is denied.