151 N.J. Super. 232 (1977)
376 A.2d 966
THE EQUITABLE LIFE MORTGAGE AND REALTY INVESTORS, A MASSACHUSETTS BUSINESS TRUST, PLAINTIFF-APPELLANT,
v.
NEW JERSEY DIVISION OF TAXATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 23, 1977.
Decided June 30, 1977.
*233 Before Judges FRITZ, ARD and PRESSLER.
Mr. James F. Keegan argued the cause for the appellant (Messrs. Pitney, Hardin & Kipp, attorneys; Mr. Gerald C. Neary and Mr. James F. Keegan on the brief).
Mr. Douglas G. Sanborn, Deputy Attorney General, argued the cause for the respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Richard B. *234 Gelfond, Deputy Attorney General, and Mr. Douglas G. Sanborn, Deputy Attorney General, on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Plaintiff Equitable Life Mortgage and Realty Investors (Equitable), a Massachusetts investment trust, appeals from an order of the Superior Court, Chancery Division, dismissing its declaratory action complaint by which it sought to enjoin the New Jersey Division of Taxation (Division) from enforcing a tax assessment made against it pursuant to the Corporation Income Tax Act (1972), N.J.S.A. 54:10E-1 et seq. (Tax Act). The gravamen of the complaint was the claim that the manner in which the assessment was made violated the rule-making requirements of the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq. The basis for the dismissal was plaintiff's failure to have exhausted its administrative relief.
Neither the legal nor the factual background of this controversy is in dispute. In implementation of the Tax Act, the Legislature in 1973 adopted the Corporation Business Activities Reporting Act, N.J.S.A. 14A:13-14 et seq. (Reporting Act). The Reporting Act requires foreign corporations engaging in this State in any of the activities enumerated by N.J.S.A. 14A:13-15 to file an annual business activities report, the evident purpose of which is to enable the Division to make a preliminary determination as to whether a foreign corporation having some degree of contact with this State is in receipt of any income taxable under the Tax Act. Taxable income includes any "income derived from sources within New Jersey." N.J.S.A. 54:10E-2.[1] The form *235 of the report requires the foreign corporation to indicate, by a "yes" or "no" answer, whether it in fact engages in any of eight specified activities which are virtually the same as those enumerated by N.J.S.A. 14A:13-15. Here relevant are Questions 11 and 12 of the reporting form. Paraphrasing subsections (e) and (f), respectively, of N.J.S.A. 14A:13-15, these questions read as follows:
Did the corporation during the period covered by this Report:
* * * * * * * *
11. Receive payments from persons residing in or doing business located in New Jersey? If "Yes", explain.
12. Derive income from any source or sources within New Jersey? If "Yes", explain.
Equitable, which on February 18, 1975 filed its report for the previous calendar year, responded negatively to the first six questioned activities. Its answer to Question 11 was, however, affirmative and accompanied by a statement explaining that it "had four mortgage loans secured by real estate in New Jersey. The Trust earned interest income on these mortgage loans during 1974." Its response to Question 12 was negative but referred to the same statement accompanying the answer to Question 11.
Upon receipt of the reporting form the Director of the Division advised Equitable by letter that it was subject to the Tax Act. In pertinent part that letter stated that *236 Based on information reported on the Notice of Business Activities Report filed, the above named entity does receive interest income in excess of $25,000 from mortgages secured from [sic] New Jersey real property. Since such income is properly includable for New Jersey Corporation Income Tax purposes, it is requested that an amended return together with all applicable schedules be completed reporting all income from New Jersey sources.
Several weeks later, on March 11, 1975, the Division denied Equitable's request for an extension of time to file its 1974 tax return because of its failure to have sent a remittance with the request. The letter of denial, moreover, contained this further notification:
Further, this is to advise that interest income from loans secured by New Jersey properties are [sic] deemed to be income derived from New Jersey sources and therefore is includable in computing the tax liability due under the provisions of the New Jersey Corporation Business Tax Act.
Equitable thereafter filed a return indicating that no tax was due, and upon the Division's insistence that the mortgage loan proceeds were taxable under the Tax Act, finally submitted a "Protest and Hearing Request" pursuant to N.J.S.A. 54:10E-20. That request resulted in protracted informal and unrecorded proceedings at the initial department review level, culminating in a written notification to Equitable by the Division on March 9, 1976 reaffirming the taxability of the mortgage loan proceeds. This was followed by the Division's assessment of an estimated tax against Equitable in the amount of $10,000.
Thereupon Equitable pursued two independent courses of action. It appealed the March 9, 1975 determination to the Division of Tax Appeals, pursuant to N.J.S.A. 54:10E-21.[2] It also filed the declaratory judgment complaint, the dismissal of which it here appeals from. The administrative appeal, insofar as we are able to determine from both the *237 record and the oral argument before us, is predicated essentially on two grounds. The first is the claimed procedural defect, namely, that the tax is not assessable in the absence of promulgation of a rule by the Division in accordance with the Administrative Procedure Act declaring taxable such interest income as is here involved. The second challenge, addressed to the merits, is that such income is not in any event within the statutory intendment of "income derived from sources within New Jersey." The judicial action was based only on the alleged procedural defect. The Division moved therein for dismissal of the complaint on the ground of the failure of Equitable to have exhausted its administrative relief, and Equitable cross-moved for summary judgment on the merits. It is from the grant of the Division's motion and the denial of its cross-motion that Equitable now appeals.
We do not here reach the merits of Equitable's contention that the Division's assessment procedure violated the Administrative Procedure Act. Irrespective of the merits thereof, we are satisfied that the challenge to the assessment was not maintainable either in the form or the forum of a declaratory judgment action in the Chancery Division. It is first obvious that despite the nomenclature with which Equitable has attempted to characterize its grievance in this action, the uavoidable fact nevertheless remains that the basis of that grievance is action taken by a state administrative agency, namely, a tax assesment alleged to be procedurally defective. It is fundamental, therefore, and a matter of state constitutional imperative that challenge of that action be sought by way of a review in lieu of prerogative writs. N.J. Const. (1947), Art. VI, § V, par. 4. It is moreover the mandate of the implementing rules of practice in allocating the business of the courts that such review be initiated in this court, and not in the trial division of the Superior Court. R. 2:2-3(a)(2). And see, e.g., Central R.R. Co. v. Neeld, 26 N.J. 172, 185 (1958), cert. den. 357 U.S. 928, 78 S.Ct. 1373, 2 L.Ed.2d 1371 (1958); Princeton First Aid v. Div. on Civil Rights 124 N.J. Super. 150, 152 (App. Div. 1973), *238 certif. den. 63 N.J. 555 (1973). Proceedings in lieu of prerogative writs other than those to which R. 2:2-3(a) (2) is applicable are, in any event, cognizable in the Law Division rather than the Chancery Division. R. 4:69-1.
We are aware that the complaint here may be construable not only as challenging action taken by the Division but also as challenging its inaction, that is, its failure to promulgate a general rule interpreting the subject section of the Tax Act. We are further aware that where inaction by a state agency is challenged, an action in the Law Division rather than review by this court may be appropriate, but only if the inaction complained of is the nonperformance of mandated ministerial obligations. See Pfleger v. N.J. State Highway Dept., 104 N.J. Super. 289 (App. Div. 1968); Colon v. Tedesco, 125 N.J. Super. 446 (Law Div. 1973). That predicate is not, however, here applicable. Agency rule-making is not a ministerial function but rather a highly discretionary undertaking. Finally, we are satisfied that review pursuant to R. 2:2-3(a) is also the exclusive method of challenging action or nonministerial inaction by a state agency and hence that the declaratory judgment action technique in these circumstances was neither available nor apposite. Cf. Donadio v. Cunningham, 58 N.J. 309, 325 (1971).
The action having been instituted in the wrong court, the trial judge should not, in our view, have proceeded to deal with the merits of the Division's exhaustion of remedies defense. His options were either to have dismissed the action, an extreme alternative not mandated by the circumstances here, or, preferably, to have transferred it to this court pursuant to R. 1:13-4. See, e.g., Pascucci v. Vagott, 71 N.J. 40 (1976); Central R.R. Co., supra, 26 N.J. at 184. We now do so pursuant to R. 1:13-4(b). Reaching, however, the same conclusion as did the trial judge on the exhaustion of remedies defense, we accordingly remand the matter to the Division on Tax Appeals.
Equitable is, of course, quite correct in its argument that ordinarily administrative remedies need not be exhausted *239 where all that is involved is a legal question not calling for the exercise of administrative expertise. See, e.g., Farmingdale Realty Co. v. Farmingdale, 55 N.J. 103, 112-113 (1969). Our conclusion that the exhaustion of remedies doctrine is, however, here applicable is based upon our conviction that we are dealing not merely with a straightforward legal question involving a point of statutory construction but rather with a complex issue of both fact and law requiring the application, at least initially, of agency expertise in its resolution.
Equitable's argument is based on the failure of promulgation of any rules at all pursuant to the enabling authorization of the Tax Act, N.J.S.A. 54:10E-24, which provides in full that
The director shall prescribe and issue such rules and regulations, not inconsistent herewith, for the interpretation and application of the provisions of this act, as he may deem necessary.
There is obviously no question of the obligation of the Director, should he determine to prescribe and issue any such rules and regulations, to follow the procedural requirements of the Administrative Procedure act, and particularly N.J.S.A. 52:14B-3 to 5 inclusive. And see Glaser v. Downes, 126 N.J. Super. 10, 18-19 (App. Div. 1973), certif. den. 64 N.J. 513 (1974). Equitable contends, however, that the Director's apparently ad hoc determination that interest income on loans secured by mortgages on real property situated in New Jersey is in effect an administrative rule which requires promulgation in accordance with the Administrative Procedure Act. The basis of this contention is that the Director's determination meets the definitional requirements of "administrative rule" as set forth in N.J.S.A. 52:14B-2(e), that is, "[an] agency statement of general applicability and continuing effect that implements or interprets law or policy * * *." The responding position of the Division is, first, that the Administrative Procedure Act does not apply where the agency is neither implementing nor interpreting *240 a provision of statutory law but is only enforcing the plain meaning of an unambiguous statutory directive (as is here alleged to be the case); second, that whether or not its action in assessing a tax on the income here involved is a matter of statutory enforcement or a matter of statutory interpretation is in the first instance a question within the jurisdiction and calling for the expertise of the Division of Tax Appeals; third, that whether or not the assessment here challenged was an ad hoc quasi-adjudicative determination or an application of a general interpretive rule is a question within the jurisdiction and calling for the expertise of the Division of Tax Appeals, and finally, that any requirement of rule promulgation notwithstanding, the Division cannot, by reason of its failure to have promulgated a rule, be deprived of its power to implement the statute by way of an ad hoc adjudication of assessability thereunder of a particular class of income.
We do not pass upon the last of these contentions except to note our disinclination to approve an agency procedure which is either intended to bypass the notice and hearing requirements of the Administrative Procedure Act or which has that practical effect. We are satisfied, however, as to the viability of the Division's remaining contentions.
As a general proposition, it is clear that if the language of a provision of a statute which an agency is empowered to administer and enforce leaves no room for substantial debate over its meaning, an administrative rule reiterating the inevitable statutory consequence would not by definition constitute either a statutory interpretation or a statutory implementation which must be expressed by a rule promulgated pursuant to the Administrative Procedure Act. Hence and tautologically, such a clear statutory provision is enforceable by the agency in accordance with its plain meaning without the necessity imposed by the Administrative Procedure Act for a prior rule promulgation.
The precise question, then, is whether the statutory mandate of the Tax Act, N.J.S.A. 54:10E-2, extends, without *241 room for reasonable debate, to interest on mortgage loans secured by New Jersey real estate where the debtors either reside in or do business in New Jersey.[3] We are persuaded that resolution of that question, at least insofar as the claims of Equitable are implicated therein, is too technical and important an endeavor to be undertaken without a full record. Our consideration must be preceded by an initial evaluation, by the agency designated by the Legislature for that purpose, of all of the detailed relevant facts in terms of both the Tax Act and the implementing Reporting Act and in terms of verbiage which may, in the corporate business tax context, have meaning and consequence commonly understood and appreciated by those regularly involved therewith. The consequent necessity for a general rule prior to the assessment here complained of is hence a matter the Division of Tax Appeals ought to pass on first. See Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 140 (1962); R.H. Macy & Co. Inc. v. Director, Div. of Taxation, 77 N.J. Super. 155 (App. Div. 1962), aff'd 41 N.J. 3 (1963).
As we have noted, the questions raised by Equitable in its declaratory judgment action have been represented by it as having also been raised in its appeal now pending in the Division of Tax Appeals. The record before us does not, however, indicate the extent to which the two matters are duplicative. In order, therefore, to preserve Equitable's right to make a full record on its administrative appeal, we remand this matter to the Division of Tax Appeals to be consolidated with the appeal already there pending.
The order of dismissal is reversed. The action is ordered transferred to this court pursuant to R. 1:13-4 and is remanded by us to the Division of Tax Appeals for proceedings consistent herewith. We do not retain jurisdiction.
NOTES
[1] That section reads in full as follows:

Every domestic and foreign corporation which is not hereinafter exempted shall pay an annual income tax for every calendar or fiscal year, or part thereof, ending after December 31, 1973, as hereinafter provided, on income derived from sources within New Jersey during such year, or part thereof.
A foreign corporation shall not be deemed to have income derived from sources within New Jersey by reason of
a. the maintenance of cash balances with banks or trust companies in this State; or
b. the ownership of shares of stock or securities in this State if such shares or securities are pledged as collateral security, or deposited with one or more banks or trust companies or brokers who are members of a recognized security exchange in safekeeping or custody accounts; or
c. the taking of any action by any such bank or trust company or broker, which is incidental to the rendering or safekeeping or custodian service to such corporation.
[2] That appeal was still pending at the time of oral argument.
[3] The qualification of residence or doing business on the part of the debtor is assumed on the basis of the information provided by Equitable in its reporting form, as hereinbefore described.