IN THE MATTER OF THE COMMITMENT OF B.R.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1984—Decided March 19, 1985.

Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.

*Paula S. Chaffin,* Assistant Deputy Public Advocate, argued the cause for appellant (*Joseph H. Rodriguez,* Public Advocate, attorney).

*Susan Oxford,* Deputy Attorney General, argued the cause for respondent, Division of Mental Retardation (*Irwin I. Kim-*

melman, Attorney General of New Jersey, attorney; *James J. Ciancia,* of counsel).

*Patrice M. Connell,* Asst. Essex County Counsel, argued the cause for respondent, Essex County Hospital Center (*David H. Ben-Asher,* County Counsel, attorney).

PER CURIAM.

This appeal presents the question of whether a committing court may require the Division of Mental Retardation (DMR) to provide services for a patient having a "discharged pending placement" status before the completion of administrative proceedings establishing the patient's eligibility for such services. We conclude that the administrative proceedings must be given preference.

DMR's contact with the patient in this case, B.R., has been of long standing. When B.R. was seven years old she was acknowledged eligible for DMR services because of her mental retardation. However, in January 1981 she was determined ineligible for DMR residential services. On November 18, 1981 B.R. was involuntarily committed to the Essex County Hospital Center because of her agitated and violent state. In December 1981 she was placed on a "discharged pending placement" status following a placement review hearing before the Essex County Juvenile and Domestic Relations Court and since then has remained confined in a psychiatric hospital. Placement review hearings were held in October and December 1983. At the October hearing a DMR staff member informed the court that B.R. was not eligible for its services because of her active psychosis. Following the hearing in December, the court ordered DMR to evaluate B.R., formulate a placement plan for her and report to the court on January 31, 1984. On January 13, 1984 DMR reported by letter to the court that the evaluation had been made but that B.R. was not eligible for DMR services at that time. It appears that this decision was based upon a review of recent hospital records indicating that B.R.

remained violent and her unmanageable behavior in December during a trial visit to a DMR center. The hearing scheduled for January 31, 1984 was adjourned to March 13, 1984 at which time Dr. Seymour Kuvin, a psychiatrist, and Ms. Betsy Smith, a social worker, testified on behalf of DMR. It was their opinion B.R. was ineligible for DMR services because of her psychotic condition. Dr. Alan Lipton, a psychiatrist on the staff of the Essex County Hospital also testified. He did not consider B.R. psychotic but suggested that her condition would worsen if she were to remain confined without state services. Following this hearing, Judge R. Benjamin Cohen, by order entered April 3, 1984, directed DMR to provide a plan of habilitation for B.R. within four weeks and arrange for her placement or for alternate services. DMR moved for reconsideration and a stay of this order on the ground that administrative remedies had not been exhausted. On May 22, 1984 the judge vacated that part of the order requiring DMR to provide services and granted the division the right to conduct a plenary review hearing under administrative regulations. The order memorializing this decision was entered on June 11, 1984 and is the subject of this appeal.

Subsequent to the filing of the appeal, appellant was notified that the administrative hearing would not be necessary since a decision had been made, based on the record and an interview with B.R., that she was eligible for services. The Essex County Hospital Center was also informed that B.R. had been declared eligible for Intermediate Care Facility/Mental Retardation— Functional Services under DMR and that the service most needed was institutional placement. Despite this decision, appellant does not consider the appeal moot as she asserts appropriate treatment has not been provided by DMR.

Initially, we find that Judge Cohen did not abuse his discretion in permitting DMR to proceed with the administrative process authorized by *N.J.S.A.* 30:4-25.3 for the purpose of determining B.R.'s eligibility for services. It is well established

that administrative remedies must be exhausted before a judicial review. *Cf. In re Hospitalization of Patterson and Bohuk*, 156 *N.J.Super.* 91, 97, 99 (App.Div.1978), certif. den. 77 *N.J.* 469 (1978). (The assignment of prison inmates to psychiatric hospitals is a function legislatively committed to the sound discretion of the Commissioner of Human Services and is not subject to review by the trial courts. While commitment is a judicial matter, questions of placement and transfers within the system are the Commissioner's responsibility). Contrary to appellant's contention, there is no indication in *In re S.L.*, 94 *N.J.* 128 (1983), that the Supreme Court sought to eliminate DMR's administrative prerogatives. Nor do the circumstances of this case fall within any exception to the doctrine of exhaustion of administrative remedies. The review procedure set out in *N.J.A.C.* 10:48–1.1 is not necessarily futile or unfairly lengthy. Rather, it provides an expeditious method of resolving questions of eligibility for DMR services and creating a record for appellate review. Thus, the decision to permit the administrative process to be invoked was proper.

■ Having been found eligible, B.R. had a statutory right to receive functional services. *N.J.S.A.* 30:4–25.6 requires that the eligible mentally retarded persons be provided "with appropriate functional service to the extent available." Also B.R. is now entitled to have a habilitation plan developed and placed into effect for her. *N.J.S.A.* 30:6D–10. Inasmuch as these statutory provisions provide appellant with the services sought and make DMR primarily responsible for furnishing them, it is unnecessary that such entitlement be the subject of a court order. *See In re D.D.*, 118 *N.J.Super.* 1, 6 (App.Div.1971). Appellant's contention that Judge Cohen's order of April 3, 1984 should be reinstated is therefore without merit.

■ While the issue of B.R.'s eligibility for DMR services may have been mooted by the division's decision, there remains the issue of the nature and extent of the services being provided for her. It is suggested by appellant's counsel that the

necessary functional or alternate services have not been furnished, despite the resolution of the eligibility question. Although DMR indicates that it is pursuing appropriate services for B.R., there seems to be some question as to whether the primary responsibility for developing a habilitation plan for her rests with DMR or the Essex County Hospital Center. It thus appears that judicial oversight of DMR's performance of its ministerial obligations toward B.R. is necessary and desirable. *See Colon v. Tedesco,* 125 *N.J.Super.* 446 (Law Div.1973). In accord with the procedure authorized in *In re S.L.,* 94 *N.J.* 128, such supervision concerning B.R.'s status and the type of services being provided for her may be exercised by means of the court's periodic placement review hearings.

Accordingly, the order of the Essex County Juvenile and Domestic Relations Court, now Superior Court, Family Part, Essex County, dated June 11, 1984 is affirmed and the matter is remanded to that court with the direction that a review hearing as to B.R.'s status and DMR's performance in furnishing the required services to B.R. be conducted within 45 days of the date hereof and thereafter every six months until B.R. is discharged from the institution and placed in an alternate facility. We do not retain jurisdiction.