811 A.2d 952 (2002)
356 N.J. Super. 187
D.J. MILLER & ASSOCIATES, INC., Appellant,
v.
STATE of New Jersey, DEPARTMENT OF the TREASURY, DIVISION OF PURCHASE AND PROPERTY, Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 2002.
Decided December 23, 2002.
*953 Mark D. Schorr, Trenton, argued the cause for appellant (Sterns & Weinroth, attorneys; Mr. Schorr and Nancy Axilrod, on the brief).
Josh Lichtblau, Deputy Attorney General, argued the cause for respondent (David Samson, Attorney General, attorney; Nancy Kaplen, Assistant Attorney General, of counsel; Mr. Lichtblau, on the brief).
Before Judges SKILLMAN, LEFELT and WINKELSTEIN.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The issue presented by this appeal is whether a State contracting agency can require in its contracts that any claim of breach must be pursued by an appeal to the Appellate Division rather than by an action in the appropriate trial court. We conclude that the court rules require an action for breach of contract under the Contractual Liability Act, N.J.S.A. 59:13-1 to -10, to be brought in a trial court and that a State agency may not alter this allocation of jurisdiction among divisions of the Superior Court by contract.
On September 25, 2001, after a competitive bidding process, the Division of Purchase and Property (Division) awarded a contract to appellant for a "Disparity Study to Investigate Minority & Women Business Contracting Practices." The contract provided for a one-year term to run from October 15, 2001 to October 14, 2002. The contract also contained a provision for termination before expiration of the one-year term, which stated in pertinent part:
a. Change of Circumstances
Where circumstances and/or the needs of the State significantly change, or the contract is otherwise deemed no longer to be in the public interest, the Director may terminate a contract entered into as a result of this Request for Proposal, upon no less than 30 days notice to the contractor with an opportunity to respond.
On April 23, 2002, the Division sent a letter to appellant terminating the contract, which stated in pertinent part:
Pursuant to Section 3.5(a) of the Standard Terms and Conditions of your contract, this letter is notice to you that the State of New Jersey is terminating your contract effective May 23, 2002: As you may be aware, this section allows the Division to terminate a State contract in the public interest or due to a change in circumstances or a change in the needs of the State. For the reasons stated, it is in the public interest to permit the Secretary of State to review and evaluate the State's policy and goals in the area of the contract subject matter. It is anticipated, that upon completion of *954 this process, a revised Request for Proposal ("RFP") will be issued.
On May 14, 2002, appellant's counsel sent a letter requesting the Division to "inform us, in writing, of precisely each and every change of circumstance, change of needs, and/or reason that the contract is no longer in the public interest, which the State of New Jersey claims to support its action of `terminating' [the] contract...." The Division did not respond to this letter.
On May 24, 2002, appellant filed an action in the Chancery Division challenging the termination and seeking a temporary restraining order. The trial court denied temporary restraints and signed an order to show cause, returnable June 25, 2002, on appellant's application for a preliminary injunction. However, on May 29, 2002, appellant dismissed its Chancery Division action, without prejudice, and on that same day filed a notice of appeal to this court from the termination of the contract.
Appellant did not seek a stay of the termination in this court but did file a motion for acceleration, which we granted. At oral argument, appellant indicated that it is no longer seeking reinstatement of the contract; the only relief it now seeks is money damages for the termination. The Division indicated that it intends to solicit bids within a few weeks for two new contracts to replace the terminated contract with appellant.
In its appellate brief, appellant argues that "[t]he Division's termination constituted a breach of the contract" and that the termination "was arbitrary, capricious, unreasonable, and not supported by substantial credible evidence in the record." Appellant also argues that the Division violated its "due process rights and the purpose of the public bidding laws" by terminating the contract without affording appellant "an opportunity to respond." The Division argues that this court should apply a "good faith" standard in determining whether it breached the contract, and that because appellant does not assert the Division acted in bad faith, we should affirm the termination. We do not address these arguments because we conclude that this is an action for breach of contract which must be heard in the Law Division.
Rule 2:2-3(a)(2) confers jurisdiction upon the Appellate Division "to review final decisions or actions of any state administrative agency or officer[.]" This rule contemplates that any challenge to state administrative agency action or inaction shall be made by appeal to the Appellate Division. Pascucci v. Vagott, 71 N.J. 40, 52, 362 A.2d 566 (1976).
However, some actions or inactions of State agencies and officers do not constitute "administrative" agency action or inaction that is subject to review by the Appellate Division under Rule 2:2-3(a)(2). The most obvious example is tortious conduct that subjects a State agency or officer to liability under the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3. Another example previously recognized by this court is the taking of private property without payment of just compensation that subjects a State agency to an action to compel condemnation, sometimes referred to as an inverse condemnation action. Pfleger v. State Highway Dep't, 104 N.J.Super. 289, 250 A.2d 16 (App.Div.1968). Yet another example is an action to enjoin a State agency from disposing of hazardous materials in an inappropriate site. Township of Montclair v. Hughey, 222 N.J.Super. 441, 537 A.2d 692 (App.Div.1987).
Most relevant to this appeal, in Frapaul Constr. Co. v. State of N.J., Dep't of Transp., 175 N.J.Super. 84, 89-92, 417 A.2d 592 (App.Div.1980), we held that an action for breach of contract under the *955 Contractual Liability Act does not constitute State administrative agency action within the intent of Rule 2:2-3(a)(2) and thus jurisdiction over such a claim resides in the appropriate trial court rather than the Appellate Division. We noted that the Attorney General's report on sovereign immunity, upon which the Contractual Liability Act was based, recommended that claims against the State should not be heard by an "administrative tribunal," Report of the Attorney General's Task Force on Sovereign Immunity 14 (1972), and that the Act states that "[c]ontract claims against the State shall be heard by a judge sitting without jury." N.J.S.A. 59:13-4. Consequently, we concluded that "[t]he drafters of the Contractual Liability Act obviously contemplated that contract actions against the State should be instituted in the trial division pursuant to the Rules of Court." 175 N.J.Super. at 90, 417 A.2d 592. We also concluded that this legislative directive is consistent with Rule 2:2-3(a)(2), because appellate review of administrative agency action under this rule "is basically a substitution for the common law writ of certiorari[,]" and at common law an action for breach of contract would not be brought by "writ of certiorari or other prerogative writ." Id. at 90-91, 417 A.2d 592. In addition, we noted that the contracting agency had not conducted "a judicial type of hearing" and for that reason there was not "a record adequate for appellate review[.]" Id. at 91, 417 A.2d 592.
The only distinction between Frapaul and this case is that the Division of Purchase and Property inserted a provision in the specifications for the contract awarded to appellant that purports to confer jurisdiction upon the Appellate Division to review any claim of breach. This provision states in pertinent part:
Final decisions concerning all disputes relating to contract award recision, contract interpretation, contractor performance and/or contract reduction, suspension or termination are to be made in a manner consistent with N.J.A.C. 17:12-1.1, et seq. The Director's final decision shall be deemed a final agency action reviewable by the Superior Court of New Jersey, Appellate Division.
All claims asserted against the State by the contractor shall be subject to ... the New Jersey Contractual Liability Act, N.J.S.A. 59:13-1, et seq. However, any claim against the State relating to a final decision by the Director regarding contract award recision, contract interpretation, contractor performance and/or contract reduction, suspension or termination shall not accrue, and the time period for performing any act required by ... 59:13-5 shall not commence, until a decision is rendered by the Superior Court of New Jersey, Appellate Division (or by the Supreme Court of New Jersey, if appealed) that such final decision by the Director was improper.
This provision is inconsistent with the rules of court, as interpreted in Frapaul, which confer jurisdiction over actions for breach of contract upon the trial divisions of the Superior Court. The Supreme Court has exclusive constitutional authority to allocate jurisdiction among the divisions of the Superior Court by court rule. N.J. Const., Art. VI, § 3, par. 3. A State agency may not override those rules by inserting a provision in a contract that any claim for a breach shall be brought in a different division of the Superior Court than the Supreme Court has determined to be appropriate. Moreover, as in Frapaul, the State contracting agencyhere the Division of Purchase and Propertyhas not established any mechanism for a quasi-judicial hearing with respect to a breach of contract claim that could produce a record adequate for appellate review.
*956 The provision of the contract purporting to confer jurisdiction upon the Appellate Division over any claim of breach is also inconsistent with the Contractual Liability Act. As previously noted, an action under the Act "shall be heard by a judge sitting without a jury[,]" N.J.S.A. 59:13-4, which obviously contemplates an action before a trial court rather than a panel of this court. Frapaul Constr. Co., supra, 175 N.J.Super. at 90, 417 A.2d 592. Furthermore, this provision of the contract states that a claim shall not "accrue" until the Appellate Division determines that the agency's action was "improper." However, the Act provides that "accrual" occurs on "the date on which the claim arose[,]" N.J.S.A. 59:13-2, and that a "notice of claim for breach of contract ... shall be filed with the contracting agency [no] later than 90 days after the accrual of such a claim." N.J.S.A. 59:13-5. Thus, the Division's contract with appellant not only purports to place responsibility upon this court to determine whether the agency's action was "improper," without establishing a mechanism for development of an appropriate record for such a determination, but also is inconsistent with the sections of the Act that govern the accrual of a cause of action and the filing of a notice of claim.
Finally, we note that appellant filed a timely notice of claim. Although this notice, which appellant sent to the Division on July 10, 2002, was directed at appellant's claim for services performed before termination of the contract, the notice may be construed to include appellants' claim that the termination breached the contract, especially in view of appellant's assertion of this claim in its previously filed notice of appeal and the provision in the contract stating that a successful appeal is a prerequisite to filing suit. Since the 90-day period following the filing of a notice of claim, during which N.J.S.A. 59:13-5 requires a claimant to withhold filing suit, expired without a resolution of the controversy, this case may now proceed in the trial court.
Accordingly, we transfer the case to the Law Division.