124 N.J. Super. 150 (1973)
305 A.2d 91
PRINCETON FIRST AID & RESCUE SQUAD, INC., A NON-PROFIT CORPORATION OF NEW JERSEY, AND DAVID A. CROMWELL, PLAINTIFFS-RESPONDENTS,
v.
DIVISION ON CIVIL RIGHTS IN THE DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY, ANNA D. LEWIS AND JEAN H. LEWIS, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1973.
Decided May 31, 1973.
*151 Before Judges KOLOVSKY, MATTHEWS and CRAHAY.
Mr. David S. Litwin, Deputy Attorney General, argued the cause for appellant (Mr. George F. Kugler, Jr., Attorney General of New Jersey, attorney).
Mr. William J. Brennan, III, argued the cause for respondents (Messrs. Smith, Stratton, Wise & Heher, attorneys).
PER CURIAM.
On November 20, 1972, one Lewis filed a complaint with the Division on Civil Rights (Division) charging that Princeton First Aid and Rescue Squad, Inc. (plaintiff in the cause before us) is "subject to the New Jersey Law against Discrimination" and that it and its president, plaintiff Cromwell, had violated that law when it denied Miss Lewis the opportunity to become "a member of [plaintiff] solely because of her sex."
On December 26, 1972 the Division sent a copy of the complaint to plaintiff and advised it that it had 20 days to answer the complaint.
Instead of filing an answer or a motion with the Division challenging its jurisdiction, plaintiffs filed a verified complaint in lieu of prerogative writs in the Law Division in which they alleged that they were not "subject to the Law Against Discrimination" and that the Division lacks jurisdiction *152 over them. The complaint sought a declaration that the Division lacked jurisdiction, and an injunction barring the Division
* * * from in any manner or fashion pursuing the Complaint filed with it by defendant Jean H. Lewis on behalf of defendant Anna D. Lewis against the Princeton First Aid & Rescue Squad, Inc. and David A. Cromwell.
An order to show cause, embodying restraints, issued on January 22, 1973. On the adjourned return day thereof the trial court entered an order granting the injunction prayed pending the final determination of the action.
The Division sought and has been granted leave to appeal from that order. We reverse.
We find no warrant for the assumption of jurisdiction by the Law Division in this case. Pfleger v. N.J. State Highway Dept., 104 N.J. Super. 289 (App. Div. 1968), upon which plaintiffs rely, is clearly distinguishable. That case was an action in the nature of mandamus to compel the Department of Transportation to perform its ministerial duty to institute condemnation proceedings to determine the value of lands allegedly taken and damaged in the course of the construction of a road. Enforcement of such a ministerial duty is within the jurisdiction of the Law Division.
Here, however, we are concerned not with a ministerial duty of a state agency but with the quasi-judicial duties of such an agency, the Division on Civil Rights, vested with jurisdiction to consider, hear and determine complaints alleging violations of the laws against discrimination.
Plaintiffs' challenge to the jurisdiction of the Division with respect to the complaint against it should have been embodied in a motion or answer filed in the Division. If that challenge were overruled, then plaintiffs could seek to review the Division's action by application for leave to appeal to the Appellate Division, see R. 2:5-6 (a), or alternatively *153 by raising the issue, if the final decision of the Division is adverse to it, on its appeal as of right to the Appellate Division from the final decision. See R. 2:2-3 (a). The Law Division has no jurisdiction to decide the challenge interposed by plaintiffs to the Division's jurisdiction.
The order appealed from is reversed and since, as we have ruled, the Law Division has no jurisdiction, the cause is remanded to it with directions that an order be entered dismissing plaintiffs' complaint.