151 N.J. Super. 455 (1977)
376 A.2d 1334
JAMES AND HELEN DELANEY, PLAINTIFFS-RESPONDENTS,
v.
ANDREW PENZA ET AL., DEFENDANTS-APPELLANTS.
HELEN DELANEY AND JAMES DELANEY, PLAINTIFFS-RESPONDENTS,
v.
ANDREW PENZA ET AL., DEFENDANTS-APPELLANTS.
HELEN DELANEY AND JAMES DELANEY, PLAINTIFFS-RESPONDENTS,
v.
466 HIGHLAND AVENUE TENANTS ASSOCIATION ET AL., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1977.
Decided July 14, 1977.
*456 Before Judges LYNCH, MILMED and ANTELL.
Mr. Kenneth E. Meiser, Assistant Deputy Public Advocate, argued the cause for appellants (Mr. Stanley C. Van Ness, Public Advocate, attorney; Mr. Meiser and Messrs. Arthur Penn and Carl S. Bisgaier, Assistant Deputy Public Advocates, on the brief).
*457 Mr. Edward J. Nesselquist argued the cause for respondents (Messrs. Judge, Dowd & Geddis, attorneys).
PER CURIAM.
In these actions charging defamation and malicious interference with business relations, we granted defendants 466 Highland Avenue Association and tenants leave to appeal from orders of the Law Division precluding their representation in the litigation by the Department of the Public Advocate, Division of Public Interest Advocacy. We also stayed all proceedings pending disposition of the appeal.
Plaintiffs James and Helen Delaney, landlords of the apartment building at 466 Highland Avenue, Orange, seek damages against defendant 466 Highland Avenue Tenants Association (Association), its president Andrew Penza, 61 tenant members and others, including a local newspaper, for alleged slander, libel and malicious interference with business relations. The tenants claim that the statements complained of are constitutionally privileged. The litigation springs from a long struggle between the Delaneys and the tenants grounded on alleged deficiencies in the operation and maintenance of the apartment building.
Shortly after the last suit was started, the Department of the Public Advocate (Department), Division of Public Interest Advocacy (Division), appeared in the litigation on behalf of the Association and tenants.[1] Plaintiffs then moved for an order directing the Department and Division to withdraw
* * * on the basis that their representation of said defendants exceeds the statutory authority vested in the Department of Public Advocate and that the defendants in this matter are not entitled to representation by said Department of Public Advocate, but should proceed to obtain their own attorney or attorneys in this matter.
*458 In his affidavit in opposition to the motion, the Public Advocate pointed out that he authorized the Division to represent the Association and tenants in the actions, and that in making his decision to do so:
* * * I considered the importance and extent of the public interest involved and whether that interest would be adequately represented without the action of the department. Based on these factors, in the exercise of my discretion pursuant to N.J.S.A. 52:27E-31, I determined that representation of these defendants was appropriate.
The trial judge, in his opinion reported at 148 N.J. Super. 64 (at 67) (Law Div. 1977), found "that under the statutory definition of `public interest' there is no public interest involved in the facts of this case." He concluded that
Since the Public Advocate may not, under the statute creating the office, litigate a private matter which has no public interest, the court hereby directs the Department of Public Advocate, Division of Public Interest Advocacy, to withdraw from this representation. The court further directs those defendants represented by this Division to obtain private counsel or proceed pro se, forthwith. [at 67-68]
At the outset we note that plaintiffs, in moving to have the Department and Division withdraw their representation of the Association and tenants, pursued the wrong remedy. Their (plaintiffs') claim, that in determining to represent these defendants the Department exceeded its statutory authority, was reviewable exclusively by direct appeal to this court. R. 2:2-3(a)(2). See Johnson v. New Jersey State Parole Board, 131 N.J. Super. 513 (App. Div. 1974), certif. den. 67 N.J. 94 (1975), and cases cited therein. See also, Edmond v. Dept. of the Public Advocate, 137 N.J. Super. 82 (App. Div. 1975), certif. den. 69 N.J. 445 (1976); Princeton First Aid and Rescue Squad, Inc. v. Division on Civil Rights, 124 N.J. Super. 150 (App. Div. 1973), certif. den. 63 N.J. 555 (1973).
Pfleger v. N.J. State Highway Dept., 104 N.J. Super. 289 (App. Div. 1968), and Colon v. Tedesco, 125 N.J. Super. *459 446 (Law Div. 1973), relied upon by plaintiffs, are inapposite. Neither involved, as here, the exercise of broad discretionary authority. As this court observed in Princeton First Aid and Rescue Squad, Inc. v. Division on Civil Rights, supra, Pfleger
* * * was an action in the nature of mandamus to compel the Department of Transportation to perform its ministerial duty to institute condemnation proceedings to determine the value of lands allegedly taken and damaged in the course of the construction of a road. Enforcement of such a ministerial duty is within the jurisdiction of the Law Division.
[124 N.J. Super. at 152; emphasis supplied]
And, in regard to the complaint in Colon v. Tedesco, supra, the Law Division noted:
The essence of the instant complaint is the failure of the agency or its officers to perform the allegedly mandatory, statutory function. [125 N.J. Super. at 452; emphasis supplied]
Plaintiffs' failure to seek relief in the appropriate forum "is of course of no consequence at this stage of the proceedings, R. 1:13-4(b), and we, accordingly, proceed to review the matter as if brought before us by appeal under R. 2:2-3(a) (2)." Johnson v. N.J. State Parole Board, supra, 131 N.J. Super. at 520.
Plaintiffs argue that "The Division of Public Interest Advocacy has no statutory authority to provide representation to these defendants"; that nowhere in the Department of the Public Advocate Act of 1974, L. 1974, c. 27, N.J.S.A. 52:27E-1, et seq., "can authorization be found to permit the Public Advocate to defend individuals in a law suit, be it tortious, libelous or contractural [sic]"; that "The Public Advocate's power depends on whether a governmental action or inaction is involved," and that in any event "the Advocate's decision to represent these defendants is arbitrary and unreasonable." We find no merit in any of these contentions. From our analysis of the statute we perceive no legislative *460 intent to restrict the authority of the Public Advocate in the manner suggested by plaintiffs.
The following sections of the Department of the Public Advocate Act of 1974, prescribing functions, powers and duties of the Public Advocate and the Division of Public Interest Advocacy in the Department, are particularly pertinent here:
N.J.S.A. 52:27E-4. The Public Advocate, as administrator and chief executive officer of the department, shall:

* * * * * * * *
e. Institute or cause to be instituted such legal proceedings or processes consistent with the rules governing the courts of New Jersey and the practice of law therein as may be necessary properly to enforce and give effect to any of his powers or duties;

* * * * * * * *
h. Perform, exercise and discharge the functions, powers and duties of the department through such divisions as may be established by this act or otherwise by law;

* * * * * * * *
N.J.S.A. 52:27E-28. There is hereby established in the Department of the Public Advocate the Division of Public Interest Advocacy under the supervision of the Director of the Division of Public Interest Advocacy, who shall be an attorney-at-law of this State.
N.J.S.A. 52:27E-29. The Division of Public Interest Advocacy may represent the public interest in such administrative and court proceedings, other than those under the jurisdiction of the Division of Rate Counsel pursuant to Article II herein, as the Public Advocate deems shall best serve the public interest.
N.J.S.A. 52:27E-30. As used in this act, public interest shall mean an interest or right arising from the Constitution, decisions of court, common law or other laws of the United States or of this State inhering in the citizens of this State or in a broad class of such citizens.
N.J.S.A. 52:27E-31. The Public Advocate shall have sole discretion to represent or refrain from representing the public interest in any proceeding. He shall consider in exercising his discretion the importance and the extent of the public interest involved and whether that interest would be adequately represented without the action of the department. If the Public Advocate determines that there are inconsistent public interests involved in a particular matter, he may choose to represent one such interest based on the considerations in this section, to represent no interest in that matter, or to represent one such interest through the Division of Public Interest *461 Advocacy and another or others through other divisions of the department or through outside counsel engaged on a case basis.
N.J.S.A. 52:27E-32. The Division of Public Interest Advocacy may represent and protect the public interest by:
a. Intervening in or instituting proceedings before any department, commission, agency or board of the State leading to an administrative adjudication or administrative rule as defined in section 2 of P.L. 1968, c. 410 (C. 52:14B-2).
b. Instituting litigation on behalf of a broad public interest when authorized to do so by the Public Advocate.
In construing the statute care must be taken not to limit interpretation to a single phrase in a subsection.[2] As pointed out in 2A Sutherland, Statutory Construction (4 ed. Sands, 1973), § 46.05 at 56:
The practical inquiry in litigation is usually to determine what a particular provision, clause, or word means. To answer it one must proceed as he would with any other composition  construe it with reference to the leading idea or purpose of the whole instrument. A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every *462 other part or section so as to produce a harmonious whole. Thus it is not proper to confine interpretation to the one section to be construed.
See also, South Shore Nat'l Bank v. Donner, 104 N.J. Super. 169, 173-174 (Law Div. 1969).
We are entirely satisfied that the broad authority conferred upon the Public Advocate to determine in his "sole discretion" whether "to represent or refrain from representing the public interest in any proceeding," N.J.S.A. 52:27E-31, is clearly sufficient to sustain his decision to have the Division represent the defendants 466 Highland Avenue Tenants Association and tenants in this "private" litigation. The statutory language does not restrict the Division's representation to plaintiffs.[3] Beyond this, it is obvious that had the Legislature intended to confine the Division's powers of litigation to matters before or appeals from State administrative agencies, as plaintiffs suggest, it would have undoubtedly so provided. See limited powers of other Divisions in the same Department, viz., the Division of Rate Counsel, see N.J.S.A. 52:27E-18, and the Division of Citizens Complaints and Dispute Settlement, see N.J.S.A. 52:27E-33, et seq.
Plaintiffs argue that "[t]he public interest arises only when there is governmental action or inaction." We perceive no such restriction on the term. It is to be given the comprehensive definition prescribed in the legislation, i.e.,
* * * an interest or right arising from the Constitution, decisions of court, common law or other laws of the United States or of this State inhering in the citizens of this State or in a broad class of such citizens. [N.J.S.A. 52:27E-30] *463 The "public interest" which the Public Advocate indicates he seeks to represent in the litigation, i.e., the asserted "constitutional right of tenant and consumer organizations to associate and function with maximum protection from harassment through libel and malicious interference suits," falls well within the ambit of the statutory definition of the term.[4] His determination to litigate the issue on behalf of defendant Tenants Association and tenants was, in the circumstances, entirely reasonable and is sustained. It is apparent that in arriving at that determination he properly adhered to the statutory guidelines for the exercise of his discretion in the matter, see N.J.S.A. 52:27E-31.
The orders under review are reversed.
NOTES
[1] The previous attorneys for Penza and the Association in the first two actions consented to the substitution therein of the Public Advocate as attorney for these defendants.
[2] For example, in Point I of the brief submitted on behalf of plaintiffs counsel states, in part:

N.J.S. 52:27E-32 is clear in providing how the Division of Public Interest Advocacy may represent the public interest. N.J.S. 52:27E-32(b) clearly states the Public Advocate [sic] may protect public interest by "instituting litigation on behalf of a broad public interest when authorized to do so by the Public Advocate." Nowhere in N.J.S. 52:27E-1 et seq can authorization be found to permit the Public Advocate to defend individuals in a law suit, be it tortious, libelous or contractural. [sic] The reason the Public Advocate is not given this authority is quite simple. The legislature never intended the Public Advocate to become embroiled in a law suit representing defendants.
* * * * * * * *
* * * the words "institute litigation" of N.J.S. 52:27E-32(b) * * * must be confined to instituting litigation as a result of an agency or governmental ruling. * * * it is clear the Public Advocate may only institute litigation in appealing a ruling of a department, commission, agency, or board of the State.
We disagree entirely. Moreover, by such attempt at interpretation, basic principles of statutory construction noted herein, are ignored.
[3] The term "proceeding" (see N.J.S.A. 52:27E-4(e), 52:27E-29 and 52:27E-31) is defined in a "particular sense" in Black's Law Dictionary, (rev. 4 ed. 1968), at 1368, as:

* * * any application to a court of justice, however made, for aid in the enforcement of rights, for relief, for redress of injuries, for damages, or for any remedial object. [Emphasis supplied]
[4] In his initial brief submitted on this appeal, the Public Advocate asserts that:

The issue affects a broad class of citizens  that is, all tenant and consumer organizations in this state. * * * the unfettered use of libel and malicious interference suits can seriously jeopardize the ability of tenant associations to organize. Tenant associations have little or no money; a libel suit is expensive, prolonged lititation [sic] which is beyond their capacity to defend. It can severely intimidate them from functioning. Furthermore because tenants' associations arise out of frustration about inadequate living conditions, they tend to use emotional outspoken language. Thus they are particularly vulnerable to a defamation action. Finally, because there are substantial unresolved constitutional questions about the scope of libel law, it is completely unclear how much protection tenant associations have from defamation actions. These fundamental questions are raised in these cases.
And see, Pebble Brook, Inc. v. Smith, 140 N.J. Super. 273 (Ch. Div. 1976).