167 N.J. Super. 23 (1979)
400 A.2d 496
L.R.C., ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFF-APPELLANT,
v.
ANN KLEIN, COMMISSIONER OF THE DEPARTMENT OF INSTITUTIONS AND AGENCIES, AND HER AGENTS AND SUCCESSORS IN OFFICE; ANCORA PSYCHIATRIC HOSPITAL; BAL KAUSHAL, M.D., IN HIS CAPACITY AS MEDICAL DIRECTOR OF ANCORA PSYCHIATRIC HOSPITAL, AND HIS AGENTS AND SUCCESSORS IN OFFICE; RICHARD WILSON, IN HIS CAPACITY AS ACTING HOSPITAL ADMINISTRATOR AND CHIEF EXECUTIVE OFFICER OF ANCORA PSYCHIATRIC HOSPITAL AND HIS AGENTS AND SUCCESSORS IN OFFICE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1979.
Decided March 21, 1979.
*24 Before Judges MATTHEWS, KOLE and MILMED.
Ms. Linda Rosenzweig, Assistant Deputy Public Advocate argued the cause for appellant (Mr. Stanley C. Van Ness, Public Advocate, attorney; Ms. Rosenzweig on the brief).
Mr. Joseph T. Maloney, Deputy Attorney General, argued the cause for respondents (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Ms. Erminie Conley, Assistant Attorney General, of counsel; Mr. Maloney on the brief).
PER CURIAM.
The order under review is affirmed substantially for the reasons expressed by Judge Douglas in his opinion of January 10, 1978 reported at 156 N.J. Super. 239 (Law Div. 1978).
Additionally, although we do not regard it as constitutionally required, it would certainly be appropriate and feasible for the Department of Human Services to provide by regulation, see N.J.S.A. 30:1-12, 30:1A-1, that upon a person's admission to an institution for observation pursuant to N.J.S.A. 30:4-46.1, the chief executive or other officer in charge of the institution shall forthwith notify the Public Advocate of such admission. The Department of the Public Advocate would then be in a position to proceed, where the situation so warrants, to provide, or cause to be provided, to the person admitted to the institution (1) information regarding the availability of habeas corpus as a remedy for illegal confinement, (2) assistance in filing a habeas corpus petition, if such person so desires, and (3) such other assistance *25 as it may deem necessary in the circumstances. Cf. Logan v. Arafeh, 346 F. Supp. 1265, 1269 (D. Conn. 1972), aff'd summarily sub nom. Briggs v. Arafeh, 411 U.S. 911, 93 S.Ct. 1556, 36 L.Ed.2d 304 (1973). And see N.J.S.A. 30:4-23, 30:4-24, 30:4-24.1, 30:4-24.2(h); N.J.S.A. 2A:67-1 et seq.; N.J.S.A. 52:27E-4, 52:27E-24, 52:27E-31; Delaney v. Penza, 151 N.J. Super. 455 (App. Div. 1977). We, accordingly, commit the matter to the Commissioner of Human Services with the recommendation that a suitable implementary regulation be promulgated.
Affirmed.