131 N.J. Super. 482 (1974)
330 A.2d 600
TOWNSHIP OF CHERRY HILL, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, YOUTH CENTER, INC., A CORPORATION OF THE STATE OF NEW JERSEY AND KEIM & KEIM, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
NEW JERSEY RACING COMMISSION, NEW JERSEY SPORTS AND EXPOSITION AUTHORITY AND GARDEN STATE RACING ASSOCIATION, A CORPORATION OF THE STATE OF NEW JERSEY, JOINTLY, SEVERALLY OR IN THE ALTERNATIVE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 25, 1974.
Decided December 5, 1974.
*483 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Ralph J. Kmiec argued the cause for appellants.
Mr. Clinton E. Cronin, Deputy Attorney General, argued the cause for respondent New Jersey Racing Commission (Mr. William F. Hyland, Jr., Attorney General, attorney).
Mr. Andrew F. Zazzali, Jr. argued the cause for respondent New Jersey Sports and Exposition Authority (Messrs. Zazzali and Zazzali, attorneys).
Mr. George H. Hohweiler argued the cause for respondent Garden State Racing Association (Messrs. Richman, Berry, Ferren, Hohweiler & Tyler, attorneys).
PER CURIAM.
This matter came before us on plaintiffs' motion for a stay pending appeal. Following oral argument, by order dated November 18, 1974 we denied the stay but on our own motion pursuant to R. 2:9-2 accelerated the appeal and set limited time periods within which the parties might file supplemental letter briefs. Such briefs have been filed and we have considered them, as well as the original briefs filed on the motion and a transcript of the trial.
We affirm essentially for the reasons stated by the trial judge in his written opinion. We concur in his conclusion that there is no legal impediment to the Sports and Exhibition Authority conducting a race meet at Garden State Race Track from November 25 through December 31, 1974. Further, his determination that the operation of that meet at Garden State on those dates would not amount to a public nuisance, as well as the factual findings upon *484 which it is based, are reasonably supported by the credible evidence present in the record.
We note, moreover, the imposition of the two conditions by the trial judge which provide for an earlier termination of the daily meet and the reimbursement to the Township of Cherry Hill for all police salaries involved with respect to the handling of traffic. These conditions are not contested by defendants and will alleviate the rush hour traffic feared by plaintiffs.
Since we have affirmed the factual findings of the trial judge that the race meet would not amount to a public nuisance, we do not deem it necessary to consider his further statement that "Since horse racing at Garden State is an authorized legislative activity there cannot be an actionable public nuisance."
Affirmed.