168 N.J. Super. 533 (1979)
403 A.2d 934
EDWARD H. BISHOP, PLAINTIFF-APPELLANT,
v.
NEW JERSEY SPORTS & EXPOSITION AUTHORITY, STATE OF NEW JERSEY RACING COMMISSION, MEADOWLAND RACE TRACK, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 14, 1979.
Decided May 30, 1979.
*535 Before Judges CONFORD, PRESSLER and KING.
Messrs. Benedict, Orban & Altman attorneys for the appellant (Mr. Steven D. Altman on the brief).
Mr. John J. Degnan, Attorney General of New Jersey, attorney for the respondents (Mr. Albert G. Fredericks, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
Following a hearing ordered by the Superior Court, Chancery Division, the New Jersey Racing Commission reaffirmed an earlier determination by its Executive Director to deny plaintiff Edward H. Bishop admission to the Meadowlands Racetrack, a facility of the New Jersey Sports and Exposition Authority. Bishop, apparently a racetrack frequenter, had originally been ejected from the Meadowlands Racetrack by reason of a federal conviction based on his criminal involvement in a 1975 race-fixing scheme at the Bowie Race Track in Maryland, from which he is, as a result thereof, now also ruled off. It was the Racing Commission's ultimate conclusion that the federal conviction and the conduct underlying it rendered Bishop a person "guilty of * * * conduct detrimental to racing or the public welfare" within the intendment of N.J.A.C. 13:70-1.17, imposing upon associations conducting race meetings the duty to eject therefrom such persons. Our review of the record satisfies us that the action of the Commission was supported by adequate credible evidence, that *536 the court-ordered hearing was fairly conducted and that the challenge to the validity of the regulation is patently without merit. We accordingly affirm the administrative determination appealed from.
We are constrained, however, to add a jurisdictional observation in view of the procedural anomaly of this action, that is, its initial institution as an action in lieu of prerogative writs in the Chancery Division brought to compel the hearing in the first instance followed by this appeal to this court from the administrative action taken as a result of that hearing. This procedural anomaly is further compounded by what we perceive to be the jurisdictional misconception expressed by Cherry Hill Tp. v. N.J. Racing Comm'n, 131 N.J. Super. 125, 147 (Law Div. 1974), aff'd 131 N.J. Super. 482 (App. Div. 1974).
The jurisdictional question is simply to determine the Division of the Superior Court in which review should be sought in the first instance of the action or inaction of a state administrative agency and, more particularly, of the New Jersey Racing Commission. Plaintiff here proceeded inconsistently by seeking review in the Chancery Division of the Racing Commission's failure to accord him a hearing and by seeking review in the Appellate Division of the Commission's ensuing action. The first as well as the second review proceeding should have been brought in this court. We expressly disagree with the contrary holding of the Law Division in Cherry Hill Tp., supra, which construes N.J.S.A. 5:5-60 as allocating to a trial division jurisdiction over actions in lieu of prerogative writs brought to review Racing Commission determinations.
The abolition of the cumbersome, complicated and counter productive prerogative writ practice of the pre-1948 era was one of the great procedural reforms of the Judicial Article of our current State Constitution. N.J. Const. (1947), Art. VI, § V, par. 4, replaced that practice with what has become known as the "in lieu" practice, providing in full that
*537 Prerogative writs are superseded and, in lieu thereof, review, hearing and relief shall be afforded in the Superior Court, on terms and in the manner provided by rules of the Supreme Court, as of right, except in criminal causes where such review shall be discretionary.
Thus, the Supreme Court was accorded the direct and exclusive constitutional authority to prescribe by the exercise of its rule-making power the procedure by which the Superior Court is to exercise its constitutional "in lieu" original jurisdiction. As we recently observed in Equitable Life Mort. v. N.J. Div. of Taxation, 151 N.J. Super. 232, 237-238 (App. Div. 1977), certif. den. 75 N.J. 535 (1977), the allocational scheme mandated by the implementing rules of practice adopted by the Supreme Court is the requirement that review of actions of state administrative agencies be sought in the first instance in the Appellate Division and that review of actions of local agencies be sought in the first instance in the Law Division, and not as was here done, in the Chancery Division. See R. 2:2-3(a)(2) and R. 4:69, respectively.[1]
Since the Racing Commission is a state administrative agency there would seem to be no question that review of its actions must, as a matter of constitutional imperative, be sought in the Appellate Division pursuant to R. 2:2-3(a)(2). Indeed, we are satisfied that the Legislature was well aware of this requirement in its enactment of N.J.S.A. 5:5-60, which provides, in conformance with both the constitutional provision and its verbiage, that review of actions of the Racing Commission shall be "by a proceeding in lieu of prerogative writ in the Superior Court." Clearly, this reference to the Superior Court incorporates and is subject *538 to the constitutional grant of authority to the Supreme Court to allocate the "in lieu" jurisdiction of the Superior Court among its various Divisions. We do not, moreover, believe that the Legislature may, constitutionally, impinge upon that grant of authority. We are, therefore, persuaded that in its enactment of N.J.S.A. 5:5-60, the Legislature both deferred and intended to defer to those rules of practice which implement the constitutional grant. Thus, the reference to the Superior Court must be read as meaning that Division of the Superior Court designated by the Supreme Court for this category of in lieu actions. And that Division is, of course, the Appellate Division.
In Cherry Hill Tp. supra, the Law Division assumed, but without supporting analysis, that the Superior Court reference in N.J.S.A. 5:5-60 was intended as a reference to a trial division. There is no statutory language, however, warranting that assumption and the assumption itself is contrary to constitutional history and constitutional principle. N.J.S.A. 5:5-60 neither alters nor purports to alter the in lieu practice. Racing Commission actions are hence reviewable not in either of the trial divisions but in the Appellate Division of the Superior Court.
Affirmed.
NOTES
[1] The rules of practice, when first adopted in 1948, contained a single multi-part rule, R. 3:81, dealing with all actions in lieu of prerogative writs. That format was continued by the 1953 revision of the rules. R.R. 4:88. It was not until the 1969 revision that the Appellate and Law Division areas of jurisdiction were separated into two separate rules.